■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENTE AZUAR CHAVEL, Also Known as VINCENTE AZUAR, Also Known as VINCENTE CHAVEZ, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered August 4, 1987, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree and sentencing him to concurrent terms of imprisonment of 15 years to life, 1 to 3 years, and one year, respectively, unanimously affirmed.

As the result of a search pursuant to a warrant which was obtained by a special agent of the Drug Enforcement Administration, based upon information supplied by a confidential informant, a firearm, drug paraphernalia and approximately one kilogram of cocaine were recovered from the defendant's apartment. The cocaine was recovered from beneath defendant's bed. The evidence, which was not refuted by the defendant, clearly supported the inference that the cocaine belonged to him, although it was suggested by him that it was planted. Knowledge of the nature of the possessed substance may be shown circumstantially *(People v Reisman,* 29 NY2d 278, 285). "Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises" *(supra,* at 285). The claims raised by defendant in his supplemental *pro se* brief have been reviewed and found to be without merit. Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.